IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PROGRESSIVE GULF INSURANCE COMPANY                                         PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:12cv546-DPJ-FKB

KENNETH J. FARVE, et al.                                                  DEFENDANTS

ORDER

This declaratory-judgment action is before the Court on the Motions to Dismiss [17] or to Stay [19] of Defendant Wendy Clifton, individually, and on behalf of her minor children, O.C., K.C., and D.C. ("the Cliftons"). The Cliftons ask the Court to abstain from deciding this coverage case because, they say, the issues raised herein can and should be addressed in the underlying state-court action. Because the Court concludes that abstention is not appropriate, it will deny the motions.

I.      Facts and Procedural History

At approximately 12:30 a.m. on March 17, 2011, Defendant Kenneth Farve, operating a truck owned by Defendant Bricor, LLC, hit and killed Jason A. Clifton. The involved truck was a listed vehicle on a commercial-auto insurance policy written by Plaintiff Progressive Gulf Insurance Company and issued to Bricor. On February 28, 2012, Defendant Wendy Clifton, individually and on behalf of her minor children O.C., D.C., and K.C., filed a wrongful-death lawsuit in Louisiana state court against Progressive, Farve, and Bricor.

On July 31, 2012, Progressive filed its Complaint for Declaratory Judgment in this Court against Farve; Bricor; the Estate of Jason A. Clifton; and Wendy Clifton, individually, as administrator of the estate of Jason Clifton, and as biological mother and natural guardian of O.C., K.C., and D.C.  Compl. [1].  Progressive seeks a judgment declaring that it has no duty to

defend or indemnify Farve or Bricor in the underlying litigation and asks the Court to "enjoin[] all party Defendants from making any claim against this policy for payment under any provisions . . . ." *Id.* ¶¶ 21, 22. On September 14, 2012, the Cliftons filed their motions to dismiss or to stay, relying on the abstention doctrine applicable to declaratory-judgment actions articulated in *Brillhart v. Excess Insurance Co. of America*. 316 U.S. 491, 495 (1942). Progressive responded in opposition, and the Cliftons filed a rebuttal. This Court has subject-matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

II. Analysis

    A. The Proper Framework

The Cliftons rely on the abstention framework provided in *Brillhart*. Progressive counters that because it seeks injunctive relief in addition to a declaratory judgment, the Court must apply the "exceptional circumstances" standard set forth in *Colorado River Water Conservation District v. United States*. 424 U.S. 800 (1976). Thus, at the outset, the Court must decide whether *Brillhart* or *Colorado River* applies to Progressive's Complaint.

The Fifth Circuit recently explored the various approaches taken by different courts "[w]hen determining which standard applies when a request for declaratory action seeks both declaratory and coercive relief . . . ." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009).[1] The Court noted four divergent approaches, including one that "looks to the 'heart of the action' to determine whether the outcome of the coercive claim hinges on the outcome of

---

[1]Black's Law Dictionary defines "coercive relief" as "Judicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint." *Black's Law Dictionary* 1404 (9th ed. 2009).

the declaratory claim." *Id.* (citation omitted). Such a test might favor abstention in this case, but the Fifth Circuit has rejected it, noting that it has "held that the *Colorado River* standard applies whenever an action includes both declaratory and non-frivolous coercive claims for relief." *Id.* (citations omitted). Thus, "when an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2002) (emphasis added) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)). And "'[t]he *only* potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard.'" *Barnett*, 561 F.3d at 397 (emphasis in original) (quoting *Black Sea Inv., Ltd.*, 204 F.3d at 652).

In this case, as in *Black Sea* and *Barnett*, there is no evidence that Progressive's claims are frivolous or were filed in an effort to avoid Brillhart. *Id.*; *Black Sea Inv. Ltd.*, 204 F.3d at 652. In fact, the Cliftons make no such argument. Instead, they assert that "the so-called claim for 'injunctive relief' cannot be distinguished from the request for declaratory relief." Defs.' Rebuttal [23] at 5. But such a characterization of the request for injunctive relief does not make *Brillhart* applicable under Fifth Circuit precedent. *Barnett*, 561 F.3d at 397 ("This court has also rejected the argument that coercive claims that are merely 'ancillary' to the declaratory action are not sufficient to warrant application of *Colorado River*." (citing *Black Sea Inv.*, 204 F.3d at 652)); *W. Side Transp., Inc. v. Apac Miss., Inc.*, 237 F. Supp. 2d 707, 713 n.6 (S.D. Miss. 2002) (Lee, J.) ("Even in cases in which the request for injunctive relief has been merely 'ancillary' to the request for declaratory relief, the [Fifth Circuit] has held that the fact of the claim for

3

injunctive relief renders *Brillhart* inapplicable." (citations omitted)).[2] Because Progressive has included a claim for injunctive relief in its Complaint, and because the Cliftons do not assert that either of the narrow exceptions condoned by the Fifth Circuit apply, *Colorado River*, rather than *Brillhart*, provides the standard for abstention.

    B.    *Colorado River* Abstention

So the question becomes whether to abstain and dismiss or stay the case based on *Colorado River*. "The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd.*, 204 F.3d at 651 (citation omitted). Usually, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). *Colorado River* abstention thus represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 813, 817. The Supreme Court

> has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

---

[2]The Cliftons cite an earlier opinion from Judge Lee that seems to reach a different result. *See Canal Ins. Co. v. Morgan*, 961 F. Supp. 145 (S.D. Miss. 1996). But that case was decided before *Black Sea* and *Barnett*.

*Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86 (1995)). "In assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily weighted in favor of the exercise of jurisdiction.'" *Black Sea Inv., Ltd.*, 204 F.3d at 650 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The Court will consider each of the *Colorado River* factors in turn.[3]

        1.        Assumption by Either Court of Jurisdiction over a Res

This case does not involve any res over which either court has taken control. "[T]he absence of this factor weighs against abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (internal citation and quotations omitted).

        2.        The Relative Inconvenience of the Forums

The "relative inconvenience of the forums[] should be analyzed as to 'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc.*, 315 F.3d at 498 (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)). The Cliftons argue that the Southern District of Mississippi is a more inconvenient forum than the Louisiana state court because the accident occurred in Louisiana, "most documents and witnesses necessary for the resolution of this dispute also are located in Louisiana," and counsel for the parties in the underlying litigation "maintain law offices in Louisiana," but not in Mississippi. Defs.' Mem. [18] at 7. The Cliftons also note that the subject policy "was issued through . . . an insurance agent domiciled in . . . Louisiana." *Id.* at 5. Progressive, on the other hand, asserts that

---

[3]The same factors apply to the Cliftons' alternative requests for dismissal or a stay. *See Black Sea Inv., Ltd.*, 204 F.3d at 651 (concluding that stay was inappropriate where *Colorado River* factors weighed against abstention).

the issue in this Court relates to coverage, that Bricor is a Mississippi LLC, and that the policy covers vehicles garaged in Mississippi. Pl.'s Mem. [22] at 6. While Louisiana may be somewhat more convenient, Mississippi is a neighboring state and the driving distance between the two fora is less than 200 miles. Under these circumstances, the inconvenience of litigating the coverage issue in this Court is not "so great" as to warrant abstention. *Evanston*, 844 F.2d at 1192.

### 3. The Avoidance of Piecemeal Litigation

Courts distinguish between duplicative litigation, which "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction," and piecemeal litigation, which typically involves "inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd.*, 204 F.3d at 650–51 (citing *Evanston*, 844 F.2d at 1192). "Where, as here, no court has assumed jurisdiction over a disputed res, there is no such danger" and "[t]his factor therefore weighs against abstention." *Id.* In any event, "the problem of inconsistent judgments can be obviated through a plea of res judicata should one court render judgment before the other." *Kelly Inv., Inc.*, 315 F.3d at 498 (citations omitted).

### 4. The Order in which Jurisdiction Was Obtained by the Concurrent Forums

In analyzing the fourth *Colorado River* factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 21. Where "the state and federal suits are proceeding at approximately the same pace," this factor "weighs against abstention." *Murphy*, 168 F.3d at 738–39. Here, although the underlying lawsuit was filed some seven months before Progressive filed this coverage case, nothing in the record indicates that

6

substantial progress has been made in the underlying lawsuit.[4]  As such, the Court concludes that this factor is neutral at best or weighs against abstention under *Murphy*.

     5.  Whether and to what Extent Federal Law Provides the Rules of Decision on the Merits

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston*, 844 F.2d at 1193 (brackets in original) (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 26).  In fact, not even "a mere lack of clarity in applicable state law . . . counsel[s] in favor of abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 651.

  While the bulk of the coverage dispute will undoubtedly turn on state contract law, this case also involves a federal issue regarding the applicability of the federally-mandated MCS-90 endorsement to the subject policy and accident.  *See Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 439 (5th Cir. 2007) ("The operation and effect of a federally mandated endorsement is a matter of federal law.").  The Complaint squarely places the applicability of the endorsement in controversy.  Compl. [1] ¶ 19 ("[T]he MCS-90 endorsement does not provide coverage because Farve was not transporting property in interstate commerce at the time of the accident . . . .").  Because this case involves both federal and state issues, this factor weighs against abstention.  *Murphy*, 168 F.3d at 739.  "Nevertheless, the absence of a federal-law issue does not counsel in favor of abstention. . . .  Thus, the presence of state law issues weighs in favor of surrender only in rare circumstances." *Black Sea Inv., Ltd.* , 204 F.3d at 651 (citations and punctuation omitted).

---

[4]Indeed, Progressive represented in its September 28, 2012 Memorandum that "[n]o discovery as to coverage has been propounded to Progressive." Pl.'s Mem. [22] at 7.

      6.      The Adequacy of State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction

The Fifth Circuit has made clear that the final *Colorado River* factor "can only be 'a neutral factor or one that weighs against, not for, abstention.'" *Murphy*, 168 F.3d at 739 (quoting *Evanston*, 844 F.2d at 1193). And while there is no indication that Progressive's rights would not be protected in the state proceedings, that fact alone "would not be sufficient to present the 'exceptional circumstances' required for the [C]ourt to decline to exercise its jurisdiction." *Murphy*, 168 F.3d at 739. Thus, this factor does not support abstention.

III.    Conclusion

The Court has considered all the parties' arguments. Those not addressed would not have changed the outcome. Having considered all of the *Colorado River* factors, the Court concludes that none of them clearly weigh in favor of abstention such that "exceptional circumstances" exist. As such, Defendant's Motion to Dismiss [17] and Motion to Stay [19] are denied.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2012.

                                     s/ *Daniel P. Jordan III*
                                     UNITED STATES DISTRICT JUDGE